UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 23-41828 |
| | § | |
| EXPANSION INDUSTRIES, LLC, | § | CHAPTER 11 |
| | § | |
| DEBTOR | § | JUDGE BRENDA T. RHOADES |

## TEXAS COMPTROLLER OF PUBLIC ACCOUNTS' MOTION TO DISMISS

**YOUR RIGHTS MAY BE AFFECTED BY THE RELIEF SOUGHT IN THIS PLEADING. YOU SHOULD READ THIS PLEADING CAREFULLY AND DISCUSS WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. IF YOU OPPOSE THE RELIEF SOUGHT BY THIS PLEADING YOU <u>MUST</u> FILE A WRITTEN OBJECTION, EXPLAINING THE FACTUAL AND/OR LEGAL BASIS FOR OPPOSING THE RELIEF.**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING <u>WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE</u> SHOWN IN THE CERTIFICATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FLING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THE PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

The Texas Comptroller of Public Accounts ("Comptroller"), through the Texas Attorney General's Office, moves to dismiss this case pursuant to 11 U.S.C. § 1112 (b).

1.  Expansion Industries, LLC. ("Debtor") filed its Chapter 11 bankruptcy petition on September 29, 2023.

2.  The Debtor has failed to file and remit the post-petition sales tax returns for October 2023, November 2023, December 2023, January 2024, and February 2024.[1]

---
[1] Debtor also failed to file the pre-petition sales tax returns for May 2023 through September 2023.

3. Pursuant to 28 U.S.C. §§ 959 and 960, a debtor-in-possession is required to manage and operate the property of the estate according to the requirements of the valid laws of the State of Texas in the same manner that the owner or possessor of such property would be bound to do if in possession outside of bankruptcy. As part of the BAPCPA amendments effective in cases filed after October 17, 2005, Congress amended 28 U.S.C. § 960 to specifically require post-petition taxes to be paid "on or before the due date of the tax under applicable non-bankruptcy law."

4. By failing to file and pay post-petition taxes, sufficient cause exists for the Court to act against the Debtor under 11 U.S.C. §1112(b). Indeed, Congress amended § 1112 in BAPCPA to specifically identify "failure to timely pay taxes due after the date of the order for relief or to file tax returns due after the date of the order for relief" as a ground for dismissing or converting a chapter 11 case. 11 U.S.C. § 1112(b)(4)(I). Even prior to BAPCPA, the courts held that the failure to remit taxes post-petition constitutes cause to dismiss or convert a case under 11 U.S.C. § 1112(b). Berryhill v. United States (In re Berryhill), 189 B.R. 463 (N.D. Ind. 1995); In re Hinchliffe, 164 B.R. 45 (Bankr. E.D. Pa. 1994); In re Vela, 87 B.R. 229 (Bankr. D.P.R. 1988).

5. Penalties and interest accrue on unpaid post-petition taxes. Such penalties and interest are administrative expenses that are diminishing the estate. Such liabilities also indicate the absence of a reasonable likelihood of rehabilitation and an inability to effectuate a plan, since post-petition priority taxes must be paid in full at confirmation under 11 U.S.C. § 1129 (a)(9)(A).

6. Should the Court, in its discretion, determine that conversion of this case to Chapter 7 is in the best interest of creditors, as opposed to dismissing the case, then the Comptroller requests that such alternative relief under § 1112(b) be granted.

ACCORDINGLY, the Comptroller prays that:

1. Upon notice and a hearing, the Court find that sufficient cause exists due to the Debtor's failure to remit post-petition taxes to warrant dismissal under 11 U.S.C.§ 1112(b);

2. The Court dismiss this Chapter 11 proceeding or, in the alternative, convert the case to Chapter 7; and

3. The Court grant such other relief to which the Comptroller may show itself entitled.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General for Civil Litigation

**RACHEL R. OBALDO**
Assistant Attorney General
Chief, Bankruptcy & Collections Division

*/s/ Jamie Kirk*
Jamie Kirk
Assistant Attorney General
Texas State Bar No. 24076485
jamie.kirk@oag.texas.gov
c/o Sherri K. Simpson, Paralegal
sherri.simpson@oag.texas.gov
Bankruptcy & Collections Division
P. O. Box 12548
Austin, TX 78711-2548
Telephone: (512) 475-4562
Facsimile: (512) 936-1409

ATTORNEYS FOR THE TEXAS
COMPTROLLER OF PUBLIC
ACCOUNTS

**CERTIFICATE OF CONFERENCE**

Debtor's counsel was contracted via electronical mail in an effort to resolve this matter without the need for a motion and hearing. To date, Debtor has failed to address the issues raised herein making this motion necessary.

3

## CERTIFICATE OF SERVICE

I certify that on the 4th day April 2024, a true copy of the foregoing was served by the method and to the following parties as indicated:

**By First Class Mail**:

To the parties on the attached service list.

**By Electronic Means as listed on the Court's ECF Noticing System**:

Jon Azano
13155 Noel Road, Suite 1000
Dallas, TX  75240
jazano@feesmith.com

James S. Bouner
10501 N. Central Expressway, Suite 106
Dallas, TX  75231-2203
jbrouner@haywardfirm.com

Robert DeMarco
12770 Coit Road, Suite 850
Dallas, TX  75251
robert@demarcomitchell.com; barbara@demarcomitchell.com;
mike@demarcomitchell.com; Robert_783@ecf.courtdrive.com

John Gaither
325 N. St. Paul, Suite 3600
Dallas, TX  75201
jgaither@neliganlaw.com; cperkins@neliganlaw.com

Trinitee G. Green
150 N. Riverside Plaza, Suite 3000
Chicago, IL  60606
tggreen@polsinelli.com

Paul Hammer
5555 West Loop S, Suite 235
Bellaire, TX  77401
phammer@bn-lawyers.com; plevine@bn-lawyers.com; cchristensen@bn-lawyers.com
mcalderon@bn-lawyers.com; padair@bn-lawyers.com

Brian S. Jones
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
b.jones@boselaw.com; jturner@boselaw.com

Jennifer A. Lawson
P.O. Box 549
Old Hickory, TN  37138
jlawson@lawsonlawoffice.com

Charles Murnane
7320 N. MoPac Expressway, Suite 400
Austin, TX  78731
cmurnane@bn-lawyers.com; plevine@bn-lawyers.com; banderson@bn-lawyers.com

Julie Ann Parsons
P.O. Box 1269
Round Rock, TX  78680
jparsons@mvbalaw.com; kalexander@mvbalaw.com; theresa.king@mvbalaw.com
Julie.parsons@ecf.courtdrive.com

Stephen W. Sather
7320 N. MoPac Expressway, Suite 400
Austin, TX  78731
ssather@bn-lawyers.com; plevine@bn-lawyers.com; kparlsey@bn-lawyers.com

David Neal Stern
7320 N. MoPac Expressway, Suite 400
Austin, TX  78731
dstern@bn-lawyers.com; mcalderon@bn-lawyers.com;
cchristensen@bn-lawyers.com; plevine@bn-lawyers.com;

John Kendrick Turner
2777 N. Stemmons Freeway, Suite 1000
Dallas, TX  75207
john.turner@lgbs.com; dora.casiano-perez@lgbs.com; dallas.bankruptcy@lgbs.com

John M. Vardeman
110 N. College St., Suite 300
Tyler, TX  75702
john.m.vardeman@usdoj.gov

Mark A. Weisbart
10501 N. Central Expressway, Suite 106
Dallas, TX  75231
mweisbart@haywardfirm.com; tsimmons@haywardfirm.com

                                                  */s/ Sherri K. Simpson*
                                                  Sherri K. Simpson