United States Department of Justice
Office of the United States Trustee
110 N. College Avenue, Suite 300
Tyler, Texas 75702
(903) 590-1450

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| Expansion Industries, LLC | § | Case No. 23-41828 |
| 2201 Spinks Road | § | |
| Suite 144 | § | |
| Flower Mound, TX 75028 | § | Chapter 11 |
| | § | |
| | § | |
| Debtor | § | |
| | § | |

**UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT
PURSUANT TO 11 U.S.C. § 1112(b), and §105
WITH WAIVER OF 30-DAY HEARING REQUIREMENT**

**PLEASE NOTE THAT THE COURT HAS SET THIS MOTION FOR HEARING:**

**HEARING: TUESDAY, JUNE 11, 2024 AT 1:30 P.M.**
U. S. Bankruptcy Court
660 N. Central Expressway, 3rd Floor
Plano, Texas 75074

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE PRESIDING:

Kevin Epstein, the United States Trustee for Region 6 ("U.S. Trustee") hereby files in the above-numbered and captioned bankruptcy case ("Case") his Motion to Dismiss or Convert pursuant to 11 U.S.C. § 1112(b) and §105 ("Motion") and respectfully states in support thereof:

**Jurisdiction and Timeliness**

1. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1334, 157(a), and the standing order of reference. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). The predicate for the relief requested herein is Bankruptcy Code §1112(b) and §105.

**Background**

2. On September 29, 2023 ("Petition Date"), Expansion Industries, LLC ("Debtor") filed Chapter 11. On January 30, 2024, a Creditors' Committee was appointed.

3. The Creditors' Committee has hired counsel and has incurred fees which remain unpaid.

4. Debtor has no employees or operations.

5. At the 341 meeting, Debtor's representative stated an intent to raise money to restart operations at Debtor's property. It was then estimated that it could take as much as $10 Million in new money to restart operations.

6. There is no indication that Debtor has been able to secure new money, either from loans or investment.

7. It does not appear that Debtor will be starting operations. Therefore, it appears that Debtor has no ability to generate income to fund a Plan.

8. Debtor has failed to file any monthly operating reports ("MORs" or "Reports") for December 2023 and January through March of 2024. Without the MORS, it is impossible to determine the amount of quarterly fees owed.

9. Debtor has failed to file a Plan. Even so, it does not appear that Debtor has the financial ability to fund a Plan.

10. Debtor has several insurance policies which appear to have expired. The U. S. Trustee has requested evidence of renewals, but Debtor has failed to provide such evidence.

11. Debtor's failures violate provisions of the Bankruptcy Code and are further indicative that Debtor is suffering a substantial and continuing loss or diminution to the estate and there is an absence of a reasonable likelihood of reorganization.

12. The U.S. Trustee seeks dismissal or conversion for cause. 11 U.S.C. §1112(b). 11 U.S.C. §105.

### Applicable Law and Argument

13. Section 1112 (b) provides,

> . . . absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

14. Cause exists to dismiss or convert as Debtor has failed to timely file the MORs. 11 U.S.C. §1112(b)(4)(F). Cause may further exist as Debtor may have failed to timely pay quarterly fees. 11 U.S.C. §1112(b)(4)(K)

15. Cause exists to dismiss or convert as Debtor has failed to maintain insurance. 11 U.S.C. §1112(b)(4)(C).

16. Cause exists to dismiss or convert as Debtor appears to be suffering a substantial and continuing loss or diminution to the estate and there is an absence of a reasonable likelihood of reorganization. 11 U.S.C. §1112(b)(4)(A).

17. Under the facts of this Case, the Debtor does not appear able to effectively use Chapter 11 for the benefit of creditors, so the Case should be dismissed or converted. 11 U.S.C. §1112. 11 U.S.C §105.

WHEREFORE, the U.S. Trustee respectfully requests that the Court issue an order dismissing the Case.

Dated:  May 8, 2024

Respectfully submitted,

Kevin Epstein
United States Trustee
Region 6

By:   */s/ John Vardeman*
John Vardeman
Trial Attorney, TBN 20496260
110 N. College Avenue, Suite 300
Tyler, Texas 75702
(903) 590-1450; Fax (903) 590-1461

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served on the following listed persons through the court's electronic notification system as permitted by Appendix 5005 III E to the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Texas, or by first class United States Mail, postage prepaid, no later than May 9, 2024.

*/s/ John Vardeman*
John Vardeman

**DEBTOR**
Expansion Industries, LLC
2201 Spinks Road
Suite 144
Flower Mound, TX 75028

**DEBTOR'S COUNSEL**
Robert DeMarco, III
Robert Demarco
12770 Coit Road
Suite 850
Dallas, TX 75251

**COMMITTEE**
David Neal Stern
Barron & Newburger, P.C.
7320 N. MoPac Expressway, Suite 400
Austin, TX 78731

Stephen W. Sather
Barron and Newburger P.C.
7320 N. MoPac Expwy.
Suite 400
Austin, TX 78731

Paul Hammer
Barron and Newburger
5555 West Loop S
Suite 235
Bellaire, TX 77401

Lukas Zuvac
Energetic Applications, LLC
9155 Selkirk Place
Colorado Springs, Co.  80924

David Alberts
Packaging Source, Inc.
2601 Network Blvd, Suite 440
Frisco, TX 75034

**NOTICE OF APPEARANCE**
LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
2777 N. Stemmons Freeway
Suite 1000
DALLAS, TX 75207

MCCREARY, VESELKA, BRAGG & ALLEN, P.C.
Attorneys for Bowie Central Appraisal District

Julie Anne Parsons
P.O. Box 1269
Round Rock, Texas 78680-1269

Mark A. Weisbart
HAYWARD PLLC
10501 N Central Expy, Suite 106
Dallas, Texas 75231

James S. Brouner
HAYWARD PLLC
10501 N Central Expy, Suite 106
Dallas, Texas 75231

PAUL J. HAMMER
BARRON & NEWBURGER, P.C.
5555 West Loop South, Suite 235
Bellaire, Texas 77401

CHARLES I. MURNANE
BARRON & NEWBURGER, P.C.
7320 N. MoPac Expwy., Suite 400
Austin, Texas 78731

LAWSON LAW OFFICE, PLLC
Attn: Jennifer A. Lawson
P.O. Box 549
Old Hickory, TN 37138

BRIAN S. JONES
BOSE MCKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, Indiana 46204

Jon Azano
Fee, Smith & Sharp, LLP
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, TX 75240

Patrick J. Neligan, Jr.
John D. Gaither
NELIGAN LLP
4851 LBJ Freeway
Suite 700
Dallas, Texas 75244

Jamie Kirk
Assistant Attorney General
c/o Sherri K. Simpson, Paralegal
sherri.simpson@oag.texas.gov
Texas Attorney General's Office
Bankruptcy & Collections Division
12221 Merit Drive
Suite 825
Dallas, Texas 75251

**Matrix**
Attached